UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOR LAO, | No. 2:17-cv-2301 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues, in part, that the Administrative Law Judge erred at step three of the sequential evaluation, in rejecting plaintiff's testimony, and by finding that plaintiff could perform past relevant work. For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

////

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 8.)

1

# PROCEDURAL BACKGROUND

In July of 2014, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") alleging disability beginning on February 17, 2014. (Transcript ("Tr.") at 19, 154-55.) Plaintiff's alleged impairments included right ankle, right foot, and back pain, as well as gout. (Id. at 53.) Plaintiff's application was denied initially, (id. at 77-81), and upon reconsideration. (Id. at 84-88.)

Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on July 14, 2016. (Id. at 32-52.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 32-34.) In a decision issued on September 21, 2016, the ALJ found that plaintiff was not disabled. (Id. at 27.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2015.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset of February 17, 2014 through his date last insured of March 31, 2015 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairment: degenerative disc disease (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except occasionally stooping, kneeling, crouching, crawling, and climbing stairs; no operation of motor vehicles; and must avoid hazards such as unprotected heights.
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a computer repairer. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. In the alternative, considering the claimant's age, education, work experience, and residual functional capacity, there were other jobs that existed in significant numbers in the national economy

that the claimant also could have performed (20 CFR 404.1569 and
404.1569(a)).

8. The claimant was not under a disability, as defined in the Social
Security Act, at any time from February 17, 2014, the alleged onset
date, through March 31, 2015, the date last insured (20 CFR
404.1520(f)).

(Id. at 21-27.)

On October 2, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's September 21, 2016 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 1, 2017. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

3

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion includes claims that: (1) the ALJ erred at step three of the sequential evaluation; (2) rejected plaintiff's testimony without a clear and convincing reason; and (3) erroneously found that plaintiff could perform past relevant work.[2] (Pl.'s MSJ (ECF No. 13) at 13-25.[3])

**I.  Step Three Error**

Plaintiff argues that the ALJ erred at step three of the sequential evaluation by failing to discuss plaintiff's limitations as they relate to Listing 14.09 inflammatory arthritis, gout. (Id. at 17.) At step three of the sequential evaluation, the ALJ must determine whether a claimant's impairment or impairments meet or equal one of the specific impairments set forth in the Listings. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The physical and mental conditions contained in the Listings are considered so severe that "they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any

---

[2] As noted below, the court finds it unnecessary to reach all of the claims found in plaintiff's motion.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

other jobs." Lester, 81 F.3d at 828. The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary." Sullivan v. Zebley, 493 U.S. 521, 532 (1990); see also Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001). If a claimant shows that his impairments meet or equal a Listing, he will be found presumptively disabled. 20 C.F.R. §§ 404.1525-404.1526, 416.925-416.926.

The claimant bears the burden of establishing a prima facie case of disability under the Listings. See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002). To "meet" a listed impairment, the claimant must establish that his condition satisfies each element of the listed impairment. See Zebley, 493 U.S. at 530; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). To "equal" a listed impairment, the claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to each element of the listed impairment. Id.

"An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." Lewis, 236 F.3d at 512 (citing Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("We hold that, in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments.")).

Moreover, an "ALJ must provide a discussion of the evidence and an explanation of reasoning for his conclusion sufficient to enable meaningful judicial review." Diaz v. Commissioner of Social Sec., 577 F.3d 500, 504 (3rd Cir. 2009) (quotation omitted); see also Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) ("The ALJ's decision regarding the applicability of Listing 1.04A is devoid of reasoning. . . . This insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings.").

Here, plaintiff alleged an impairment from gout. (Tr. at 53.) And there was evidence in the record that plaintiff suffered from gout. (Id. at 273-74.) The ALJ's discussion of all possible Listings, however, consisted of the following vague and conclusory paragraph:

////

> The evidence does not support that the claimant has the severity of symptoms required either singly or in combination to meet or equal a medical Listing. No treating or examining physician has recorded findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments.

(Id. at 22.) The ALJ concluded the paragraph by asserting that "[a] more detailed discussion to support this finding follows." (Id.) It did not. Instead, the remainder of the ALJ's decision failed to mention any Listing impairment.

The ALJ's failure to discuss in detail any Listing was erroneous. See Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (ALJ erred where "he provided no explanation other than writing that he 'considered, in particular,' a variety of listings, including Listing 1.04A, and noting that state medical examiners had also concluded 'that no listing was met or equaled.'").

Accordingly, the court finds that plaintiff is entitled to summary judgment with respect to the claim that the ALJ erred at step three of the sequential evaluation.

## II. Plaintiff's Subjective Testimony

Plaintiff also challenges the ALJ's treatment of plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 13) at 19-21.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ's analysis of plaintiff's testimony is far from clear or convincing. In this regard, the ALJ's decision recounts plaintiff's alleged impairments, before stating:

> Despite his alleged impairments, he acknowledged his average day included doing light housecleaning, doing little chores, and resting. He stated he was capable of walking a quarter mile, which took approximately 25 to 30 minutes. He admitted he was capable of climbing 3 to 4 flights of stairs. He acknowledged he was capable of lifting chairs and small tables. However, he claimed he was capable of carrying no more than 20 pounds for approximately 10 yards. He stated he was capable of driving an automatic car for approximately 30 to 45 minutes. He admitted he was capable of doing yard work such as light cleaning including picking up trash and sweeping.

---

[4] In March of 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted). The decision here was rendered on September 21, 2016. (Tr. at 27.)

7

> When experiencing foot and ankle pain, he alleged he becomes unable to walk without a crutch.
>
> Despite his alleged impairments, the claimant has engaged in a somewhat normal level of daily activity and social interaction as noted herein. These daily activities support the residual functional capacity. Moreover, some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment.
>
> Further, the claimant made similar allegations and admissions as noted above at the hearing. The claimant also testified he took his GED in English. He admitted he also had a commercial driver's license, which he took the test in English. He described he lived with his wife. Despite alleging difficulties, the claimant stated he was capable of driving a 1996 Camry. He claimed he required using crutches almost every day for approximately one year. He acknowledged he was capable of getting dressed while sitting on the edges of the bed and bathing.
>
> I have analyzed the claimant's allegations pursuant to SSR 96-4p, and have found they are not consistent with the objective medical evidence. The claimant's ability to participate in such activities undermined the claimant's allegations of disabling functional limitations. I also find the medical evidence of record as discussed below does not support the claimant's allegations.
>
> After careful consideration of the evidence, I find that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evident in the record for the reasons explained in this decision.

(Tr. at 22-23.)

The ALJ's reasoning is both unclear and flawed. In this regard, it must be acknowledged that

> [t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012); see also Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking

8

for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled.").

Moreover, "'[c]redibility findings must have support in the record, and hackneyed language seen universally in ALJ decisions adds nothing.'" Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014) (quoting Shauger v. Astrue, 675 F.3d 690, 696 (7th Cir. 2012)). As the Ninth Circuit has repeatedly explained,

> [t]o discredit a claimant's symptom testimony when the claimant has provided objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ must give "specific, clear, and convincing reasons for rejecting" the testimony by identifying "which testimony the ALJ found not credible" and explaining "which evidence contradicted that testimony."

Laborin v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017) (quoting Brown-Hunter v. Colvin, 806 F.3d 487, 489, 494 (9th Cir. 2015)) (alteration omitted).

Here, the ALJ did not identify which testimony was found not credible or explain what evidence contradicted that testimony. Instead, the ALJ simply relied on vague references to "a somewhat normal level of daily activity and social interaction as noted herein." (Tr. at 23.) The vague reference to inconsistency "with the objective medical evidence," without any citations or explanation. (Id.) And on inconsistency with unidentified "other evidence in the record for the reasons explained [elsewhere] in th[e] decision." (Id.)

Accordingly, plaintiff is also entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's testimony constituted error.

**III. Past Relevant Work**

Plaintiff argues that the ALJ committed error by finding that plaintiff "has past relevant work." (Pl.'s MSJ (ECF No. 13) at 23.) Specifically, plaintiff argues that the Vocational Expert's ("VE") testimony established that plaintiff cannot perform past relevant work "as a computer repairer without retraining and because he cannot perform it physically." (Id. at 24.)

The VE's testimony, however, was that the computer repairer job was a medium duty occupation, and that if plaintiff were limited to "light duty work," plaintiff could not do that work without retraining. (Tr. at 48-49.) The ALJ found that plaintiff had the residual functional

9

capacity to perform medium work. (Id. at 22.)

Accordingly, the court finds that plaintiff is not entitled to summary judgment on this claim.

## **CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[5] Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court cannot say that further proceedings would serve no useful purpose.

---

[5] Given the errors already identified the court finds it unnecessary to reach plaintiff's remaining claims. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

Further proceedings would allow the ALJ to properly evaluate the applicability of a Listing impairment and plaintiff's testimony. Moreover, in the court's view, the record as a whole creates serious doubt as to whether the plaintiff is, in fact, disabled within the meaning of the Social Security Act. Although the ALJ committed the above errors, those errors could be remedied in a manner that would not result in a finding of plaintiff's disability.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (ECF No. 16) is granted in part and denied in part;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: March 21, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\lao2301.ord

11